**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*,
Iverson M. Jackson; and, Kieran M. Jackson

FILED
2013 FEB 13 PM 2:25
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVERSON M. JACKSON; AND, KIERAN M. JACKSON, <br><br> Plaintiffs, <br><br> v. <br><br> RESIDENTCOLLECT, INC.; AND, ESSEX NOHO APARTMENTS, L.P., <br><br> Defendants. | **Case No.:** CV13-01060 DSF (ANx) <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** <br><br> 1.) **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P); AND,** <br><br> 2.) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

///

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. IVERSON M. JACKSON (individually as "Iverson" or collectively as "Plaintiffs"); AND, KIERAN M. JACKSON (individually as "Kieran" or collectively as "Plaintiffs"), by Plaintiffs' attorneys, brings this action to challenge the actions of RESIDENTCOLLECT, INC. (individually as "ResidentCollect" or collectively as "Defendants"); and, Essex NOHO Apartments, L.P. (individually as "Essex" or collectively as "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

4. Plaintiffs also bring this lawsuit to challenge the actions of Defendants with regard to erroneous negative and derogatory reports regarding credit information reported by ResidentCollect to national credit reporting agencies, as well as for the negligent and malicious failure of Defendants to properly investigate the repeated disputes of Plaintiffs concerning the validity of certain alleged debts that Defendants claimed was owed Defendants by Plaintiffs, and the failure of Defendants to correct the derogatory and negative credit information placed in the Plaintiffs' credit file by Defendants, which Defendants knew, or should have know, was erroneous, and which caused Plaintiffs damages.

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

///
///

COMPLAINT FOR DAMAGES PAGE 3 OF 10

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

11. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); and, (ii) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

12. Because Defendants do business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

14. Plaintiffs are a natural people who reside in the County of Los Angeles, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs. In addition, Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiffs are informed and believe, and thereon allege, that Defendant ResidentCollect is a company operating from the City of Dallas, State of Texas

16. ResidentCollect is a "furnisher of information" as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Plaintiffs are informed and believe, and thereon allege, that Defendant Essex is a company operating from the City of Palo Alto, State of Los Angeles.

18. Plaintiffs are informed and believe, and thereon allege, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiffs are individuals residing within the State of California.

21. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendants conducted business in the State of California.

22. In or about 2008, Plaintiffs allegedly incurred financial obligations to the original creditor, Essex, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6).

23. Sometime prior to December 21, 2011, Plaintiffs fell behind on Plaintiffs' payments to Essex. Plaintiffs currently take position with regard to the validity of the alleged debt.

24. On December 21, 2012, Essex initiated a lawsuit against Plaintiffs entitled *Essex NOHO Apartments, L.P. v. Iverson, Jackson; Kieran Jackson; DOES 1 TO 10 INCLUSIVE* ("the State Action") in an attempt to collect the alleged debt in the Superior Court of California, County of Los Angeles, Van Nuys Courthouse, court case no.: 11B08036 claiming $2,677.96 in allegedly past due rent.

25. Thereafter on February 28, 2012, Plaintiffs entered into a Stipulation for Judgment with Defendants for $7,620.80.

26. Subsequently, Plaintiffs allegedly failed to make payments on the Stipulation for Judgment. Plaintiffs currently take position with regard to the validity of the alleged debt.

27. As such, the alleged debt, was allegedly assigned, placed, or otherwise transferred, to ResidentCollect for collection.

28. Thereafter, ResidentCollect attempted to collect $8,280.39 from Plaintiffs letters sent via U.S. Mail on August 13, 2012; September 10, 2012; and, October 15, 2012.

29. As such, Plaintiffs disputed the alleged debt via U.S. Mail. Said dispute explicitly informed ResidentCollect that Plaintiffs owed $7,620.80 pursuant to the terms of the February 28, 2012 Stipulation. Plaintiffs supported Plaintiffs position by including a copy of the February 28, 2012 Stipulation for Judgment as an enclosure with Plaintiffs' dispute.

30. In response, Defendants inaccurately validated Plaintiffs' alleged debt by providing a Statement of Account which asserted that Plaintiffs' owed $8,230.39.

31. Said amount validated by Defendants was approximately $50 less than the amount Defendants were attempting to collect from Plaintiffs but approximately $600 more than the amount Plaintiffs allegedly owed to Defendants pursuant to the stipulated judgment.

32. Subsequently, Defendants reported to Equifax, TransUnion, and Experian that Plaintiffs owed $8,280.39.

33. In response to these derogatory marks, Plaintiffs sent dispute letters to Equifax, TransUnion and Experian.

34. Defendants merely responded by falsely reporting Plaintiffs' alleged debt as accurate to Equifax, TransUnion, and Experian.

35. To this day, Defendants have failed to rectify the inaccurate credit information yet Defendants continue to report the inaccurate credit information.

36. Through this conduct, ResidentCollect has violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiffs' alleged debt.

37. Through this conduct, ResidentCollect has violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of Plaintiffs' alleged debt.

38. Through this conduct, ResidentCollect has violated 15 U.S.C. § 1692e(8) by communicating to persons credit information which is known or which should be known to be false.

39. Through this conduct, ResidentCollect has violated 15 U.S.C. § 1692e(10) by using false representations regarding the amount of Plaintiffs' alleged debt in an attempt to collect the alleged debt from Plaintiffs.

40. Through this conduct, ResidentCollect has violated 15 U.S.C § 1692f by using unfair and unconscionable means to collect the alleged debt from Plaintiffs.

41. Through this conduct, ResidentCollect has violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiffs that was not expressly authorized by the agreement creating the alleged the debt nor permitted by law.

42. Therefore, ResidentCollect has took actions against Plaintiffs concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendants violated 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(10); 1692f; and, 1692f(1).

43. In addition, the above actions by Defendants violated 15 U.S.C. §§ 1681 et seq., including, but not limited to, 15 U.S.C. §§ 1681s-2, in that Defendants failed to adequately investigate or reinvestigate Plaintiffs' claim that the derogatory information filed was inaccurate and thereafter correct this inaccurate information. As a result, Plaintiffs suffered considerable damage.

///
///
///
///
///
///

# CAUSES OF ACTION CLAIMED BY PLAINTIFFS

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)
### [AGAINST DEFENDANT RESIDENTCOLLECT]

44. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

46. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681 ET SEQ.
### [AGAINST ALL DEFENDANTS]

47. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

48. The foregoing acts and omissions of this Defendant constitute numerous and multiple violations of the FCRA, including, but not limited to, each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §§ 1681 et seq.

49. As a result of Defendants' willful noncompliance of the FCRA, Plaintiffs have suffered and are entitled to actual damages sustained by Plaintiffs or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); such amount of punitive damages as the court may allow

pursuant to 15 U.S.C. § 1681n(a)(2); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3), from each and every Defendant.

50. As a result of Defendants' negligent noncompliance of the FCRA, Plaintiffs have suffered and are entitled to actual damages sustained by Plaintiffs pursuant to 15 U.S.C. § 1681o(a)(1); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays that judgment be entered against ResidentCollect for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendants individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually;
- any and all other relief that this Court deems just and proper.

**WHEREFORE,** Plaintiffs prays that judgment be entered against Defendants for:

- an award of actual damages in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A) against Defendant for each incident of willful noncompliance of the FCRA;
- an award of such amount of punitive damages as the court may allow pursuant to 15 U.S.C. §1681n(a)(2) against Defendant for each incident of willful noncompliance of the FCRA;
- an award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident

- of negligent noncompliance of the FCRA;
- an award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA; and,
- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: February 13, 2013

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFFS

Matthew M. Loker, Esq.
KAZEROUNI LAW GROUP, APC
2700 North Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808 ext. 5
Facsimile: (800) 520-5523

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| IVERSON M. JACKSON; AND, KIERAN M. JACKSON, <br><br> PLAINTIFF(S) <br> v. <br> RESIDENTCOLLECT, INC.; AND, ESSEX NOHO APARTMENTS, L.P., <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV13-01060 DSF (ANx) <br><br><br> SUMMONS |
|---|---|

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Matthew M. Loker, Esq._, whose address is _2700 North Main Street, Suite 1000, Santa Ana, CA 92705_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __2-13-13__          By: _Lori Wagers_
                                Deputy Clerk

                          (Seal of the Court)
                          **LORI WAGERS**

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
IVERSON M. JACKSON; AND, KIERAN M. JACKSON.

**DEFENDANTS**
RESIDENTCOLLECT, INC.; AND, ESSEX NOHO APARTMENTS, L.P.,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Matthew M. Loker, Esq. (SBN 279939)
2700 North Main Street, Suite 1000, Santa Ana, CA 92705
Telephone: (800) 400-6808 ext. 5 Facsimile: (800) 520-5523

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1692, et seq. - Unfair Debt Collection Practices; and, 15 U.S.C. § 1681, et seq. - Fair Credit Reporting Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | | | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-01060 DSF (ANx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                         CIVIL COVER SHEET                         Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c)

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| | ResidentCollect, Inc. resides in the State of Texas<br><br>Essex NOHO Apartments, L.P. resides in Santa Clara County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Matthew M. _____ Date February 13, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

**CV13- 1060 DSF (ANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY